UNITED STATES of America, Plaintiff,

v.

Robert Dean CLARK, Defendant.

No. 88–0128–CR.

United States District Court, S.D. Florida.

Jan. 9, 1991.

Stewart Abrams, Federal Public Defender, Miami, Fla., for plaintiff.

Alan Sullivan, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER GRANTING DEFENDANT'S MOTION FOR HEARING

This cause comes before the Court upon Defendant's Motion for Hearing to Determine Necessity of Defendant's Confinement.

### Background

Defendant was charged in a one-count indictment with the knowing and willful attempt to murder a fellow passenger on board an Eastern Airlines flight with a pocket knife. This conduct took place on February 16, 1988. On June 9, 1988, this Court made a finding that Defendant was not guilty by reason of insanity pursuant to the provisions of Title 18, United States Code, Section 4244(b).

On September 1, 1988, a hearing was held before this Court on the issue of "dangerousness" pursuant to Section 4243(b). Specifically, the purpose of the hearing was to determine whether Defendant could be released either outright or under special conditions. On September 22, 1988, the undersigned ordered additional observation and examination of Defendant at the Federal Correctional Institution, Butner, North Carolina ("Butner"). Defendant was subsequently transferred to Butner and his "dangerousness hearing" was resumed on April 7, 1989. At the continuation of Defendant's "dangerousness hearing," Dr. Johnson, Dr. Larcade and Staff Psychologist Landis, diagnosed Defendant as being paranoid schizophrenic. This opinion was reiterated in the latest report from Butner dated September 25, 1990.

In the instant Motion, Defendant alleges that Butner's plans to forcibly medicate him are his primary concern. The Butner staff believes that medication is essential to effectuate Defendant's ultimate release. Defendant has consistently refused said medication. Defendant contends that he has been cooperative, cordial and in no way a danger to any member of the staff of Butner. Defendant argues that the Butner staff's conclusions are without foundation and do not warrant a continued finding of dangerousness or continued confinement. Consequently, Defendant seeks a hearing on the necessity of his continued confinement.

Furthermore, Defendant requests that any additional testimony or interviews through the psychiatric and psychological staff of Butner, upon which said physicians rely for the recommendations contained in their summary/annual forensic report be videotaped for review by this Court and by counsel pursuant to Title 18, United States Code, Section 4247(f).

Finally, Defendant requests production from the medical staff of Butner, of any and all records and correspondence that demonstrate the continued efforts made by the Attorney General and the medical staff of Butner to cause the state (either Texas—Defendant's state of residence—or Florida) to assume responsibility for Defendant's custody, care and treatment. Defendant seeks production of records that demonstrate compliance of the Attorney General with the dictates of Title 18, United States Code, Section 4247(i).

### Discussion

■ Title 18, United States Code, Section 4247(h) provides in pertinent part:

> [C]ounsel for the person or his legal guardian may, at any time during such person's hospitalization, file with the court that ordered the commitment a motion for hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be hospitalized.

18 U.S.C. § 4247(h) (1984). In the instant case, Defendant falls within the parameters of the above-cited statute—he is hospitalized and no such motion has been filed within the preceding one hundred and eighty days. Consequently, Defendant is entitled to a hearing.

With regard to Defendants request for videotaped records, Title 18, United States Code, Section 4247(f) provides: "Upon written request of defense counsel, the court may order a videotape record made of the defendant's testimony or interview upon which the periodic report is based pursuant to subsection (e). Such videotape record shall be submitted to the court along with the periodic report." 18 U.S.C. § 4247(f) (1984). Accordingly, said testimony or interview shall be recorded. The undersigned notes parenthetically that to the extent the testimony or interview occur between the date of the instant Order and the date of the hearing on this Motion such preparation is germane to this Motion and may be utilized at the hearing.

Finally, as to Defendant's request that the Government be ordered to produce records relating to the efforts of the staff at Butner to transfer Defendant to a Texas state mental facility, Defendant cites no authority granting him such open ended access to the records of the Bureau of Prisons. Moreover, Defendant makes no claim that the staff at Butner or the Bureau of Prisons acted improperly. Plaintiff maintains—and the undersigned agrees—that the statute places the responsibility for placement of individuals in state facilities to the Bureau of Prisons without further providing for continuing judicial supervision of this administrative responsibility. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Hearing is GRANTED; said hearing is scheduled for 9:00, February 22, 1991. Butner is directed to furnish this Court with updated reports pertaining to any change in its diagnosis, prognosis or treatment of Defendant prior to said hearing. Moreover, Defendant's request for videotaped records is GRANTED. Finally, Defendant's request that the Government produce records is DENIED.

DONE AND ORDERED.